UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL C. RISCH,
    Petitioner,

v.

COUNTY OF MENDOCINO,
    Respondent.

Case No. 5:25-cv-01367 EJD (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 5. Petitioner paid the filing fee. Dkt. No. 17.

**BACKGROUND**

Petitioner pleaded no contest to vehicle theft with prior related theft convictions and was found to be a second striker. Dkt. No. 5 at 2. He was sentenced in Mendocino County Superior Court on November 6, 2024, to six years in state court. Id. at 1.

The petition indicates Petitioner did not seek an appeal. Id. at 3. Petitioner indicates that he "requested attorney of record to file appeal. Attorney failed to comply w/request." Id. at 3. However, a search for Petitioner's trial court case (Case No. 24CR04393) on California's online Appellate Courts Case database shows that an appeal was filed on January 8, 2025, and is currently pending in the First Appellate District (Case No. A172161).[1]

Petitioner filed this federal habeas action on February 21, 2025.

---

[1] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=1

## DISCUSSION

**A.** **Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

The petition indicates that Petitioner did not appeal the claims in the instant federal petition. Dkt. No. 5 at 3. As stated above, the Court has determined that an appeal is currently pending in the state appellate court. See supra at 1. Accordingly, it is clear that Petitioner did not present the claims from the instant petition to the California Supreme Court, either on direct appeal or in a state habeas action, before filing this action. Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state remedies. See Rose, 455 U.S. at 522. Therefore, this petition should be dismissed without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. See Rose, 455 U.S. at 510. The dismissal is without

prejudice to Petitioner refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief.

**IT IS SO ORDERED**.

Dated:  August 19, 2025

EDWARD J. DAVILA
United States District Judge